| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ASANTE GAINES, LAHEEM JONES and TYIESE WARREN | Criminal No. 3:20CR126 (JBA)<br><br>October 4, 2021 |

### GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE DEFENDANTS' SELF-SERVING HEARSAY STATEMENTS

The Government respectfully submits this motion *in limine* pursuant to Rules 801 and 803 of the Federal Rules of Evidence to preclude defendants Asante Gaines, Laheem Jones and Tyiese Warren from introducing any of their own "statement[s] of memory or belief to prove the fact remembered or believed." Fed. R. Evid. 803(3). A statement of a party-opponent offered by that same party is not admissible because it is not "offered against an opposing party." Fed. R. Evid. 801(d)(2). The defendants should be precluded from referring to any of their out-of-court statements—including any from their recorded interviews (for those who have them), recorded telephone calls, and other electronic statements as captured in Facebook messages, other social media evidence, telephone calls and text messages, or any form of electronic media, other than those offered into evidence by the Government—as inadmissible hearsay not subject to an exception. The United States intends to object to any attempt by any of the defendants to offer any of their own prior statements unless offered through their own direct testimony. Accordingly, the Government requests that the Court enter an Order prohibiting self-serving hearsay as exhibits at trial or through any witness testimony other than through the defendants' own testimony if they choose to take the stand.

1

## I. BACKGROUND

Jury selection in this matter is set for November 2, 2021, with evidence to begin on November 8, 2021. The Superseding Indictment alleges that defendants Asante Gaines and Laheem Jones were members of the Greene Homes Boyz gang, Hots or GHB (herein "GHB") and that Tyiese Warren was an associate of the gang and a member of the Original North End or the "O.N.E." The Superseding Indictment further alleges that members of the GHB gang, to include Gaines and Jones, conspired together to sell heroin, crack cocaine and Percocet pills and that they committed a number of attempted murders. Warren, Gaines and Jones are also specifically alleged to have attempted to kill Trevon Wright, Jaffar Ali, Khalil Heard and Jaheim Warren on the steps of the Bridgeport State courthouse in order to maintain or advance their status in the GHB gang or to aid and abet others to do so. The Government will rely on cooperating defendants, other civilian and law enforcement witnesses, forensic evidence and a variety of social media evidence to prove the case.

## II. ARGUMENT

### A. The Government is Entitled to Introduce Evidence of any of the Defendants' Statements as Admissions Offered Against an Opposing Party.

The Government's witnesses should be allowed to testify about admissions that any of the defendants made to them. Under the Federal Rules of Evidence, the Government is entitled to introduce evidence of the defendants' statements as recorded on calls or in interviews, in electronic communications, or during person-to-person interactions or telephone conversations as admissions offered against an opposing party. Fed. R. Evid. 801(d)(2). Likewise, the surrounding or responsive statements of others in these communications may also be introduced by the Government because they are not offered for the truth of the matter asserted, but to

provide context for a defendant's statements. *See, e.g., United States v. Dupre*, 462 F.3d 131, 138 (2d Cir. 2006) (non-witnesses' emails "provide context for defendants' messages sent in response to them, messages whose admissibility is not contested"). *See also* Fed. R. Evid. 801(d)(2)."); *United States v. Paulino*, 445 F.3d 211, 216 (2d Cir. 2006) ("It has long been the rule that '[s]o long as . . . statements are not presented for the truth of the matter asserted, but only to establish a context . . ., the defendant's Sixth Amendment rights are not transgressed.'") (quoting *United States v. Barone*, 913 F.2d 46, 49 (2d Cir. 1990)).

### B. The Defendants May Not Introduce Out-Of-Court Statements Through the Testimony of Other Witnesses or Exhibits.

In contrast, the defendants may not introduce their *own* out-of-court statements through the testimony of other witnesses or through exhibits because such testimony is inadmissible hearsay. *See, e.g., United States v. Kadir*, 718 F.3d 115, 124 (2d Cir. 2013) ("A defendant may not introduce his own prior out-of-court statements because they are 'hearsay, and . . . not admissible.'") (citation omitted); *United States v. Marin*, 669 F.2d 73, 84 (2d Cir. 1982) ("When the defendant seeks to introduce his own prior statement for the truth of the matter asserted, it is hearsay, and it is not admissible."). Rule 801(d)(2) of the Federal Rules of Evidence excludes from the definition of hearsay a statement by an opposing party, but only if that statement is "*offered against an opposing party*." Fed. R. Evid. 801(d)(2) (emphasis added). Accordingly, the defendants cannot offer any of their own prior statements through other witnesses or through exhibits—whether in the form of social media evidence, text messages or recorded calls or interviews—to prove the truth of the matter asserted.

Finally, to the extent any such statements exist, the defendants should not be able to elicit from third persons any statements proclaiming their innocence made to them either prior

3

to, or after, any crime had occurred. Such statements, whether made in person, or in recorded calls or interviews, or other electronic messages are simply "'self-serving' attempts to cover tracks already made. Such observations are well-established grounds for non-admission." *United States v. Cianci*, 378 F.3d 71, 106 (1st Cir. 2004).

### C. This Court Should Not Allow the Defendants to Undermine the Adversarial Process By Offering Their Statements as Testimony Without Taking the Witness Stand.

Allowing the defendants to offer their self-serving statements into evidence through other witnesses or exhibits would provide an end-run around the adversarial process by allowing them to "testify" without being subject to "the oath, the witness' awareness of the gravity of the proceedings, the jury's ability to observe the witness' demeanor, and, most importantly, the right of the opponent to cross-examine . . ." *Williamson v. United States*, 512 U.S. 594, 598 (1994). The Court should not permit this. Such statements either orally or by electronic communication are the very definition of self-serving hearsay. Similarly, allowing counsel to elicit statements made by a defendant, other than to complete a conversation (under the rule of completeness), should also be prohibited.

## III. CONCLUSION

For the reasons set forth above, the Court should preclude the defendants from referring in any way to their hearsay statements, including those made person to person or those recorded and in electronic and written communications, other than those introduced into evidence by the Government or introduced through a defendant's own testimony.

Respectfully submitted,

LEONARD C BOYLE
ACTING UNITED STATES ATTORNEY

*/s/ Jocelyn Courtney Kaoutzanis*
JOCELYN COURTNEY KAOUTZANIS
RAHUL KALE
PETER D. MARKLE
STEPHANIE T. LEVICK
ASSISTANT UNITED STATES ATTORNEYS
157 Church Street, 25th Floor
New Haven, CT 06510
(203) 821-3700

## CERTIFICATION

I hereby certify that on October 4, 2021, a copy of the foregoing was filed electronically with the court and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Jocelyn Courtney Kaoutzanis*
JOCELYN COURTNEY KAOUTZANIS
ASSISTANT UNITED STATES ATTORNEY