UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ASANTE GAINES, LAHEEM JONES and TYIESE WARREN | Criminal No. 3:20CR126(JBA)<br><br>October 12, 2021 |

## GOVERNMENT'S MOTION *IN LIMINE* TO ADMIT EVIDENCE UNDER RULE 609 OR AS CONTRADICTION OF SPECIFIC TESTIMONY

The Government has previously produced defendants Asante Gaines' and Laheem Jones' (collectively "the defendants") respective criminal histories and obtained a pretrial criminal history report for the defendants. Should either Gaines or Jones testify, the Government will seek to impeach them with evidence of their prior convictions, either pursuant to Federal Rule of Evidence 609 or to contradict their specific testimony. Specifically, Gaines has prior felony convictions for (1) Violation of DWR (dangerous weapon registration) (2018); (2) Failure to Appear in the First Degree (2018); (3) Larceny in the Second Degree (2017); (4) No Pistol Permit (2015); and (5) Failure to Appear in the First degree (2015). Jones has prior felony convictions for (1) Robbery in the Second Degree (2014); (2) Sale of Illegal Drugs (2014); and (3) two counts of Attempted Assault in the First Degree (2014).

## BACKGROUND

Jury selection in this matter is set to begin on November 2, 2021, with evidence to begin on November 8, 2021. Defendants Gaines and Jones are charged with racketeering conspiracy as part of their role in the criminal organization known as the Greene Homes Boyz/Hots ("GHB"), a street gang that controls the Charles F. Greene Homes Housing Project ("Greene Homes") and was

1

allied with the Original North End ("O.N.E.") gang. *See* Dkt. Entry No. 92, Superseding Indictment at ¶ 1. Gaines and Jonesare also named in the January 27, 2020 attempted murder of East End gang members Jaffar Ali, Trevon Wright, Jaheim Warren and Khalil Heard. *Id.* at ¶¶ 12(f) and are further charged in Counts Two and Four with VCAR Assault with a Dangerous Weapon, VCAR Attempted Murder/Aiding and Abetting, VCAR Conspiracy to Commit Murder and VCAR Assault with a Dangerous Weapon relating to their role in the January 27, 2020 attempted murders. *Id.* at ¶¶ 13-16, 18-19.

I. ARGUMENT

Rule 609 provides that a prior felony conviction used to attack a witness's character for truthfulness "must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant." Fed. R. Evid. 609(a)(1)(B). "District courts, in applying Rule 609(a)(1), are thus required to examine which of a witness's crimes have elements relevant to veracity and honesty and which do not." *United States v. Estrada*, 430 F.3d 606, 617 (2d Cir. 2005). Where the Government is seeking to introduce a prior conviction under Rule 609, "the Government has the burden of showing that probative value outweighs prejudice." *United States v. Hayes*, 553 F.2d 824, 828 (2d Cir. 1977).

Courts in the Second Circuit generally distinguish between crimes of violence, which have little probative value in establishing a witness's character for truthfulness, and theft crimes like robbery, which are probative of a witness's credibility. *See Estrada,* 430 F.3d at 621. Some courts have precluded cross-examination regarding a witness's prior robbery conviction because a "robbery conviction may be categorized as a crime of violence." *United States v. Serrano*, 192 F.Supp.3d. 407, No. 16–CR–169, 2016 WL 3742129, at *2 (S.D.N.Y. June 14, 2016) (granting defendant's motion *in limine* to preclude cross-examination into the facts underlying his robbery

conviction). The general rule in the Second Circuit, however, is that robbery convictions are automatically admissible as probative of a witness's honest character. *See Estrada,* 430 F.3d at 621 ("While not *crimen falsi* that are automatically admissible under Rule 609(a)(2), theft crimes, and other crimes involving stealth, nonetheless bear on a witness's propensity to testify truthfully."); *United States v. White*, 2009 WL 4730234 at *4 (E.D.N.Y. 2009)(in case of felon-in-possession of a firearm, allowing cross-examination of defendant about prior robbery conviction as long as no mention was made of use of firearm because robbery showed dishonesty). Accordingly, the Government should be allowed to cross-examine Gaines about his second-degree larceny conviction; Jones about his second-degree robbery conviction and Warren's about his two third-degree larceny and third-degree robbery convictions should any of the defendants take the stand.

With regard to Gaines' firearms-related convictions and Jones' attempted first-degree assault and narcotics sale convictions, those convictions should be admissible on cross-examination depending on the defenses posited or presented in the course of the trial. Although the Government cannot, of course, know what the defense will be, it is raising this issue and potential grounds for admissibility to put the defendant on notice that certain defenses could "open the door" to additional impeachment evidence in the form of additional prior convictions of the defendant.

As the Supreme Court has held, when a defendant takes the stand and testifies, "[i]t is essential ... to the proper functioning of the adversary system that ... the government be permitted proper and effective cross-examination in an attempt to elicit the truth." *United States v. Havens*, 446 U.S. 620, 626-27 (1980). Moreover, "[a] defendant has no right to avoid cross-examination into the truth of his direct examination, even as to matters not related to the merits of the charges

against him." *United States v. Payton*, 159 F.3d 49, 58 (2d Cir. 1998). Accordingly, a defendant who offers an explanation for his conduct "opens the door" to questioning into the truth of his testimony, and the government is entitled to attack his credibility on cross-examination." *Id.*; *see also United States v. Beverly*, 5 F.3d 633, 640 (2d Cir. 1993) (defendant's testimony as to his unfamiliarity with guns opened the door to questioning about his prior possession and use of guns). Moreover, the government is afforded great leeway in the scope of its cross examination of a defendant to preclude the defendant from being able to "frustrate the truth-seeking function of a trial by presenting tailored defenses insulated from effective challenge." *United States v. Vega*, 589 F.2d 1147, 1152 n.3 (2d. Cir. 1978)(quoting *Doyle v. Ohio*, 426 U.S. 610 (1976)).

Nor can a defendant simply avow innocence and thereby avoid "opening the door" to introduction of his prior conviction. *See United States v. Douglas*, 525 F.3d 225, 248 (2d Cir. 2008)("Although Douglas contends that cross-examination about Moran's gun was improper because Douglas's direct testimony made no mention of that gun, we disagree. Douglas testified that he was innocent of any wrongdoing with respect to Moran, although he admitted that he had pulled Moran out of the SUV, dragged Moran to Moran's car, and hoisted him into the trunk of that car."). In this case, should either Gaines or Jones exercise their right to testify and thereby waive their Fifth Amendment rights, and assert innocence as to the current charges, the Government intends to ask them about their narcotics trafficking and acts of violence, including firearms possession. These questions are not instances which "the government had 'smuggle[d] in' for the impeaching opportunity in the course of cross-examination," *United States v. Ramirez*, 609 F.3d 495, 500 n.1 (2d Cir. 2010)(quoting *Walder v. United States*, 347 U.S. 62, 66 (1954), but rather natural questions derived from the evidence should any of the defendants deny their guilt. After all, both Gaines and Jones are charged here with RICO Conspiracy, and Warren is charged

4

with VCAR? the predicate acts of which are narcotics trafficking and acts of violence. To allow the two defendants to proclaim innocence or an innocent character and to use Rule 609 as a shield would be extremely unfair to the Government and allow perjurious testimony to remain uncontradicted.

Indeed, it is unlikely that Rule 609 would even govern such a situation. Rule 609 controls the use of prior felony convictions to impeach a witness' general character for truthfulness, but impeachment by contradiction concerns the use of evidence to impeach a witness' specific testimony. *See United States v. Norton*, 26 F.3d 240, 243–44 (1st Cir. 1994) (noting that "Rule 609 evidence is admissible for the purpose of attacking credibility generally," but that "[p]rior convictions are admissible under Rules 402 and 403 to contradict specific testimony"); *Lopez*, 979 F.2d. 1024, 1033 (1992) ("The fundamental problem with the application of either Rule 608 or 609 is that neither rule applies 'in determining the admissibility of relevant evidence introduced to contradict a witness's testimony as to a material issue.'") (citations omitted)). Accordingly, depending on their testimony, Gaines' and Jones' prior felony convictions for weapons possession and narcotics sale and assault would be proper fodder for cross-examination.

Notably, the Government is not seeking to admit every felony conviction against the defendants. For example, the Government is not seeking to cross-examine Gaines about his two first-degree failure to appear convictions, as the Government believes that those crimes are not *crimen falsi*, but rather examples of Gaines' disrespect and apathy toward the judicial system.

## II. CONCLUSION

For the reasons set forth above, should defendants elect to testify in his own defense, the Government will cross-examine Gaines and Jones about their prior convictions for *crimen falsi* – larceny and robbery convictions. Depending on the defense posited, the Government will seek to cross-examine Gaines about his prior firearms-related convictions and Jones about his prior attempted first-degree assault convictions and his narcotics sales conviction.

Respectfully submitted,

LEONARD C BOYLE
ACTING UNITED STATES ATTORNEY

*s/ Rahul Kale*

RAHUL KALE
ASSISTANT U.S. ATTORNEY
Federal Bar No. phv02526
1000 Lafayette Blvd., 10th Floor
Bridgeport, CT 06604
Tel.: (203) 696-3000

JOCELYN COURTNEY KAOUTZANIS
STEPHANIE LEVICK
ASSISTANT UNITED STATES ATTORNEYS
157 Church Street, 25th Floor
New Haven, CT 06510
(203) 821-3700

CERTIFICATION

I hereby certify that on October 12, 2021, a copy of the foregoing was filed electronically with the court and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                /s/Rahul Kale
                                RAHUL KALE
                                ASSISTANT UNITED STATES ATTORNEY